NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAHEER WILLIAMS, | ) |
| Petitioner, | ) |
| | ) Civil Action No.: 09-486 (JLL) |
| | ) Crim No.: 05-316 |
| v. | ) |
| | ) **OPINION** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

For Respondent: Donna Gallucio, AUSA

**LINARES, District Judge.**

This matter comes before the Court on the motion of Petitioner Shaheer Williams ("Petitioner" or "Williams") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent the United States ("Respondent" or "the Government") submitted an answer to the motion. This Court having considered both parties' submissions, Petitioner's motion is denied.

**I.** **Introduction**

Williams entered into a written plea agreement with the Government on April 26, 2005. (Answer, Exh. A ("Plea Agreement").) On April 27, 2005, in accordance with the Plea Agreement, Williams pleaded guilty to a two-count Information, charging him with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, and tax evasion, in violation of 26 U.S.C. §

7201.  In the Plea Agreement, Williams "waive[d] certain rights to file an appeal, collateral attack, write or motion after sentencing, including but not limited to ... a motion under 28 U.S.C. § 2255."  (Plea Agreement at 4.)  Additionally, in the Plea Agreement, Williams agreed to voluntarily waive his right "to file any appeal, any collateral attack, or any other writ or motion, including . . . a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within the Guidelines range that results from a total Guidelines offense level of 28."  (Id. at 8, ¶ 14.)

      The Honorable Harold A. Ackerman, U.S.D.J., conducted a plea colloquy with Williams on However, on January 30, 2008, prior to sentencing, the matter was reassigned from Judge Ackerman to this Court.  Then, on December 2, 2008, this Court sentenced Williams to 35 months imprisonment along with three years of supervised release and restitution.  This sentence included a downward departure of eight levels, reducing the total offense level from 28 to 20 and reducing the applicable Guidelines range of 78-97 months to 33-41 months.

      Williams's petition for relief under § 2255 rests upon two related grounds: (1) his former counsel, Martin S. Goldman, Esq., was ineffective at sentencing for failing to speaking about Williams's mental and physical conditions, for failing to present information concerning the hardship that would befall Williams's father were Williams to be imprisoned and for failing to provide mitigating information as to the motives behind Williams's criminal activity; and (2) the "Waiver of Right to Make a Collateral Attack Under § 2255," contained in Williams' plea agreement is unenforceable because of "the Court's failure to ensure, during the plea colloquy, that Mr. Williams understood this waiver."  (Pet. at 11.)  The Government, in its answer to the petition, argues that Petitioner's motion is barred by the Plea Agreement and, alternatively, that it

2

fails on the merits.

## II.     Standard of Review

A prisoner in federal custody may file a motion in the trial court challenging the validity of his sentence under 28 U.S.C. § 2255. See Morelli v. United States, 285 F. Supp. 2d 454, 458 (D.N.J. 2003). Pursuant to section 2255, a prisoner shall be released from custody if the sentence "(1) was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a court lacking jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack." Morelli, 285 F. Supp. 2d at 458 (citing 28 U.S.C. § 2255). To establish a right to habeas corpus relief, a prisoner must demonstrate that the sentence has a fundamental defect resulting in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. See, e.g., United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989); Morelli, 285 F. Supp. 2d at 458-59 (citations omitted). However, "[a] writ of habeas corpus does not encompass all sentencing errors, and should not be used as a substitute for direct appeal." Sasonov v. United States, 575 F. Supp 2d 626, 631 (D.N.J. 2008). In fact, the scope of relief offered by § 2255 is smaller than that offered on direct appeal in some circumstances: "it has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." United States v. Addonizio, 442 U.S. 178, 184 (U.S. 1979).

In considering the instant § 2255 motion, this Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Garvin, 270 F. App'x 141, 143 (3d Cir. 2008) (unreported) (citing United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005)). Moreover, this Court "must order an evidentiary

hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." Government of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).

### III.     Legal Discussion

Petitioner claims, as indicated above, that habeas relief is warranted because his attorney was ineffective for failing to apprise the Court of various pieces of information during the sentencing hearing.  Prior to addressing the merits of his claim, however, this Court must consider whether Petitioner may bring the instant section 2255 petition given the waiver of appeal provision contained within his Plea Agreement.

#### A.     Waiver

In United States v. Khattak, the Third Circuit held that waivers of a right to appeal are valid if entered into knowingly and voluntarily unless enforcing such a waiver would result in a miscarriage of justice. 273 F.3d 557, 558, 562 (3d Cir. 2001).  In determining when the enforcement of a waiver of the right to appeal would result in a miscarriage of justice, the Third Circuit noted that some of the other Courts of Appeals have earmarked particular situations in which an otherwise valid waiver will be excused. See Khattak, 273 F.3d at 562-63 (discussing cases from the Second, Fourth, and Seventh Circuits).  However, the Third Circuit declined to adopt a "blanket rule prohibiting all review of certain otherwise valid waivers of appeal" and further refused to "earmark specific situations" which would warrant invalidating such a waiver. Id. at 562-63.

Instead, the Third Circuit emphasized that the governing standard is whether "the error would work a miscarriage of justice." Id. at 563.  The court endorsed the factors set forth by the

4

First Circuit in <u>United States v. Teeter</u>, 257 F.3d 14 (1st Cir. 2001) to use as a guideline in such an analysis.  These factors are: " 'the clarity of the error, its gravity, its character (<u>e.g.</u>, whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.' "  <u>Khattak</u>, 273 F.3d at 563 (citing <u>United States v. Teeter</u>, 257 F.3d 14, 25-26 (1st Cir. 2001)).  The Third Circuit cautioned, however, that it would be an "unusual circumstance" where an "error amounting to a miscarriage of justice may invalidate the waiver."  <u>Id.</u> at 562.

      The Third Circuit has indicated that a waiver of the right to collaterally attack a sentence is valid if it meets the <u>Khattak</u> test for waiving appeal, i.e., the waiver was knowing and voluntary and the enforcement of the waiver does not result in a miscarriage of justice.  <u>United States v. Perry</u>, 142 Fed. Appx. 610, 2005 WL 1865420, at *1 (3d Cir. Aug. 8, 2005) (concluding that district court's denial of petitioner's motion collaterally attacking his sentence was proper in light of petitioner's waiver of his right to pursue such a collateral attack).  Additionally, this Court has previously found that a waiver of a right to collaterally attack a sentence by filing a motion pursuant to 28 U.S.C. § 2255 is valid and enforceable under the <u>Khattak</u> standard.  <u>Simon v. United States</u>, No. 05-5503, 2006 WL 3534600 (D.N.J. Dec. 7, 2006).  Therefore, Petitioner's waiver is valid and enforceable if it was entered into knowingly and voluntarily and its enforcement would not result in a miscarriage of justice.

      With regard to whether the waiver was knowing and voluntary, this Court must, at a minimum, "review[ ] the terms of the plea agreement and change-of-plea colloquy and address [ ] their sufficiency."  <u>United States v. Mabry</u>, 536 F.3d 231, 239 (3d Cir. 2008).  The Plea

Agreement explicitly articulated Petitioner's waiver of his right to file a collateral attack on the sentence imposed. Specifically, the Plea Agreement states:

> As set forth in Schedule A, this Office and Shaheer Williams waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

(Plea Agreement at 4.) Schedule A then notes as follows:

> Shaheer Williams knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within the Guidelines range that results from the agreed total Guidelines offense level of 28.

(Id. at 8 (Sch. A, ¶ 14.) Petitioner signed and dated the Plea Agreement on April 26, 2005, beneath a paragraph noting that he had received the Plea Agreement from his attorney, read it, and understood it fully. (Id. at 6.)

While the Plea Agreement indicates a knowing and voluntary waiver, by virtue of Petitioner's signature, the plea colloquy gives this Court some pause. Fed. R. Crim. P. 11(b)(1) mandates that a court address the defendant personally in open court prior to accepting a plea of guilty. "During this address, the court must inform the defendant of, and determine that the defendant understand, the following: ... (N) the terms of any plea-agreement provision waiving his right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). With respect to the waiver provision, the colloquy occurred as follows:

> The Court: Now, have you waived your right to appeal here? Mr. Goldman.
>
> Mr. Goldman: We will.
>
> The Court: Where? Haven't done it?
>
> Mr. Goldman: We have not done it yet but we certainly will.

6

> Ms. Honig: Your Honor, just to clarify, there is a waiver of the right to the right to the plea agreement that has been signed by the defendant.
>
> The Court: then the answer is yes?
>
> Mr. Goldman: Yes.

(Answer, Exh. B at 23.)  Stated simply, the Court failed to directly inform the defendant of, and determine that he understood, the waiver of his right to file a petition pursuant to 28 U.S.C. § 2255.  Though the Court continues after this point in the colloquy to allude to the stipulations at issue, at no point is the Defendant informed directly that he has waived his right to appeal.

Thus, this case is unlike those in which district courts have relied upon a thorough plea colloquy and Plea Agreement to find a knowing and voluntary waiver.  See, e.g., United States v. Dancy, Nos. 3:CR-03-340, 3:CV-06-070, 2006 WL 2504028, at *3 (M.D.Pa. Aug. 28, 2006) (holding that waiver of right to file a section 2255 motion is enforceable where petitioner indicated that he understood the waiver at his plea colloquy); Prado v. United States, No. Civ. 05-938, Crim. 01-373-7, 2005 WL 1522201, at *2 (D.N.J. June 27, 2005) (enforcing waiver of right to bring section 2255 motion where petitioner signed plea agreement including the waiver and stated that he understood the waiver at his plea colloquy).  This Court is forced to find that in spite of Petitioner's signature on the Plea Agreement, the failure to directly address Williams during his plea colloquy with respect to the waiver provisions rendered the waiver unenforceable.

Because this Court finds the waiver unenforceable, it need not address the miscarriage of justice prong of the Khattak inquiry.  Rather, the Court turns to the merits of Petitioner's motion for habeas relief.

**B.     Ineffective Assistance of Counsel**

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for ineffective assistance of counsel claims. To succeed on such a claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Id. at 688. With respect to the latter prong, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 698.

Here, Williams asserts three separate bases upon which to find his lawyer's conduct ineffective at the sentencing stage. Specifically, he argues that his lawyer failed to present to the Court the following information: (1) Williams's mental and physical conditions; (2) the hardship that would befall Williams's father were Williams to be imprisoned; and (3) the motives behind Williams's criminal activity. As to the first two issues, the Government correctly notes that neither provides a basis for a downward departure under the Sentencing Guidelines. Section 5H1.3 of the Guidelines specifically instructs that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." The Third Circuit has additionally noted that "[w]ith limited exceptions, mental and emotional conditions are discouraged factors; that is they are not ordinarily relevant in determining whether a [downward] departure is warranted." United States v. McBroom, 124 F.3d 533, 538 (3d Cir. 1997).

With respect to the alleged hardship placed upon Petitioner's father by his imprisonment, section 5H1.6 off the Sentencing Guidelines counsels that family ties and responsibilities "are

8

not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. Thus, the Third Circuit restricts departures based on family ties to "circumstances that are extraordinary." United States v. Gaskill, 991 F.2d 82, 85 (3d Cir. 1993). Though the Court understands that Williams's father has suffered from several traumatic injuries, Petitioner fails to surmount his burden of proving that the family ties in this matter are of such an extraordinary nature that they should be considered when ordinarily they are not.

Finally, as to Petitioner's third argument – that he committed the offense in question because he felt the need to provide financially for his family – the suggestion that presentation of this fact would have changed the sentence imposed strains credulity. Importantly, however, the Court reiterates that Petitioner received an eight-level downward departure at sentencing and received a 35-month sentence, one that fell near the bottom of his 33-41 month guideline range. Thus, even assuming arguendo that counsel's failure to present the above-referenced facts to this Court for consideration at sentencing was deficient, Petitioner can make no showing that this deficiency created the reasonable probability of a different sentence. See, e.g., United States v. Junius, Nos. Crim. 01-457-05, Civ. 04-2905, 2005 WL 1993844, at *3 (E.D. Pa. Aug. 11, 2005) (indicating that counsel was not ineffective where his efforts resulted in a substantial reduction in the defendant's sentence). Thus, the Court finds that Petitioner fails to satisfy either of the two Strickland prongs, and his petition for habeas relief is accordingly denied.

## IV.     Conclusion

For the reasons explained above, Petitioner Shaheer Williams' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial

showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  An appropriate order accompanies this opinion.


DATED: August 6, 2009 /s/ Jose L. Linares
United States District Judge